UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JOSHUA GREG WILLIAMS,

        Plaintiff,

                                      CASE NO. 16-11946

v.                                  HONORABLE ARTHUR J. TARNOW

WILLIAM L. THOMPSON,

        Defendant.
_____/

## ORDER DISMISSING PLAINTIFF'S COMPLAINT

### I.  Introduction

      Plaintiff Joshua Greg Williams, a state prisoner at the Gus Harrison Correctional Facility in Adrian, Michigan, recently filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.  The defendant is William L. Thompson, an oral surgeon at Beaumont Hospital in Royal Oak, Michigan.  The complaint alleges that, while Plaintiff was confined at the Macomb Correctional Facility, someone assaulted him and broke his jaw. A surgeon subsequently placed a plate in Plaintiff's jaw, wired Plaintiff's mouth closed, and informed Plaintiff that he would receive two additional plates in a future operation.

      Plaintiff claims that, over time, the wiring in his mouth caused him severe pain. He sought medical attention and eventually had an appointment with Dr. Thompson.  He informed Dr. Thompson that he (Plaintiff) had removed the plate in his jaw because it was loose and cutting the insides of his mouth.  Plaintiff asked to have the other

two plates that the previous surgeon had promised him inserted in his jaw.  According to Plaintiff, Dr. Thompson responded that he had dealt with crackheads who did not pull the wiring out of their mouths.  Plaintiff claims that Dr. Thompson made this remark in a malicious, demeaning, racially biased, and contemptuous manner.  Dr. Thompson also stated that Plaintiff would not be receiving any further surgery, as his mouth and jaw looked stable.  Plaintiff goes on to say that prison officials provided him with a mouth guard to use while sleeping, but when he removes the mouth guard, he experiences intense pain, which subsides an hour and a half later.

Plaintiff describes the issue here as whether Dr. Thompson's diagnosis and treatment of Plaintiff's jaw injury conforms to local practice.  Plaintiff asserts that allowing him to continue to suffer daily with intense pain is repugnant to the conscience of mankind.  He seeks money damages, as well as, X-rays and an examination by a dentist and surgeon not affiliated with the State for the purpose of evaluating his jaw and prescribing the proper remedy for his pain and suffering.

## II.  Legal Framework

A prisoner must prove two elements to prevail on a claim under 42 U.S.C. § 1983: "(1) that he or she was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law." *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014).  Pursuant to the Prison Litigation Reform Act of 1996, federal district courts must screen a prisoner's complaint

*Williams v. Thompson*, No. 16-11946

and dismiss the complaint if it is frivolous, malicious, fails to state a claim for which

relief can be granted, or seeks monetary relief from a defendant who is immune from

such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Flanory v. Bonn*, 604 F.3d 249, 252

(6th Cir. 2010); *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001).  A complaint is

frivolous if it lacks an arguable basis in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319,

325 (1989).

While a complaint "does not need detailed factual allegations," the "[f]actual

allegations must be enough to raise a right to relief above the speculative level on the

assumption that all the allegations in the complaint are true (even if doubtful in fact)."

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations

omitted).  In other words, "a complaint must contain sufficient factual matter, accepted as

true, 'to state a claim to relief that is plausible on its face.' "  *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged."  *Id.*

### III.  Discussion

Plaintiff's complaint implicates the Eighth Amendment to the United States

Constitution, which prohibits cruel and unusual punishment.

A prison doctor violates the Eighth Amendment when [he or] she exhibits
"deliberate indifference to [the] serious medical needs" of a prisoner.
*Estelle* [*v. Gamble*, 429 U.S. 97, 104 (1976)].  An Eighth Amendment

3

*Williams v. Thompson*, No. 16-11946

claim has an objective component and a subjective component. *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

*Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013).

## A. The Objective Component

The objective component of an Eighth Amendment claim "requires a plaintiff to prove a 'sufficiently serious' medical need . . . ." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "[P]ain can be a sufficiently serious medical need," *id.*, but if the plaintiff's claim

> is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 898 (6th Cir. 2004), the plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment," *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation marks omitted).

*Id.*

Plaintiff was treated for his broken jaw and subsequently examined by Dr. Thompson. The disputed issue is whether Dr. Thompson's diagnosis was accurate and whether his treatment of Plaintiff's condition was adequate. When, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

4

*Williams v. Thompson*, No. 16-11946

Furthermore, although Plaintiff contends that he suffers from severe pain when he removes his mouth guard and that he needs another examination, x-ray, and evaluation of his jaw, he has not submitted any verifying medical evidence to establish the detrimental effect of a delay in providing him with the treatment he seeks. As such, he has not provided sufficient evidence for this Court to conclude that he has a sufficiently serious medical need. He has not satisfied the objective component of an Eighth Amendment claim.

### B.   The Subjective Component

The subjective component of an Eighth Amendment claim "requires a plaintiff to prove that the doctors had a 'sufficiently culpable state of mind.' " *Santiago*, 734 F.3d at 590 (quoting *Farmer*, 511 U.S. at 834). To succeed on this component of an Eighth Amendment claim, a plaintiff must prove that the prison doctor's state of mind was

> equivalent to criminal recklessness. *Farmer*, 511 U.S. at 834, 839-40, 114 S. Ct. 1970) (internal quotation marks omitted). To be liable, the doctors need not act "for the very purpose of causing harm or with knowledge that harm will result," *id*. at 835, 114 S. Ct. 1970, but they must act with more than mere negligence, *Miller v. Calhoun Cnty*., 408 F.3d 803, 813 (6th Cir. 2005). For example, "[w]hen a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation." *Comstock*, 273 F.3d at 703. Still, a prison doctor "has a duty to do more than simply provide some treatment to a prisoner who has serious medical needs; instead, the doctor must provide medical treatment to the patient without consciously exposing the patient to an excessive risk of serious harm." *LeMarbe v. Wisneski*, 266 F.3d 429, 439 (6th Cir. 2001).

5

*Williams v. Thompson*, No. 16-11946

> An official is deliberately indifferent where [he or] she (1) "subjectively perceived facts from which to infer substantial risk to the prisoner," (2) "did in fact draw the inference," and (3) "then disregarded that risk." *Comstock*, 273 F.3d at 703 (citing *Farmer*, 511 U.S. at 837, 114 S.Ct. 1970).

*Id*. at 591.

The facts, as alleged here, fail to show that Dr. Thompson perceived a substantial risk to Plaintiff's health and disregarded that risk when he declined to order additional procedures.    Plaintiff's allegations establish nothing more than a difference of opinion about whether he needs additional X-rays, evaluations, and surgery.

> But the question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment.  A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment.  At most it is medical malpractice, and as such the proper forum is the state court under the [state's] Tort Claims Act.

*Estelle*, 429 U.S. at 107.

"[A] difference in opinion between a prisoner and the medical staff about treatment does not state a cause of action." *Kirkham v. Wilkinson*, 101 F. App'x 628, 630 (6th Cir. 2004)(citing *Estelle*, 429 U.S. at 107).  Therefore, in addition to failing to prove the objective component of an Eighth Amendment claim, Plaintiff has failed to prove the subjective component of such a claim.

6

*Williams v. Thompson*, No. 16-11946

## IV.  Conclusion

Plaintiff's complaint fails to state a plausible claim for which relief may be granted, and it is frivolous because it lacks an arguable basis in law.  The Court therefore summarily dismisses the complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) and 28 U.S.C. § 1915A(b)(1).  The Court also certifies that an appeal from this decision would be frivolous and could not be taken in good faith.  28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: July 8, 2016

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on July 8, 2016, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant

7